IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ARSENIO BUCKLEY                                                                          PLAINTIFF

v.                                   Civil No. 6:22-cv-06119-SOH-BAB

JAILER ZACK MARSHAL (Clark County                                                        DEFENDANTS
Detention Center) and
NURSE JANE DOE (Baptist Health Medical
Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey three Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on November 21, 2022. (ECF No. 1). In the Order provisionally filing his case, Plaintiff was directed to provide a completed *in forma pauperis* ("IFP") application by December 12, 2022. (ECF No. 2). The Order also advised Plaintiff that if he failed to submit his IFP application by the deadline, or failed to promptly inform the Court of any address change, his case would be subject to dismissal. (*Id*.). When Plaintiff failed to submit his IFP application, the Court entered a Show Cause Order on December 19, 2022, directing him to file his Response by January 9, 2023, or his case would be subject to dismissal. (ECF No. 3). Neither Order was returned as undeliverable.

1

On January 26, 2023, Plaintiff filed a Notice of Address Change, indicating he had been transferred to the Arkansas Division of Correction ("ADC") Ouachita River Unit.  (ECF No. 4).  On January 27, 2023, the Court entered a Second Show Cause Order directing Plaintiff to file his Response by February 17, 2023.  (ECF No. 5).  This Order was not returned as undeliverable.

On February 21, 2023, Plaintiff filed a Notice of Address Change, indicating he had been transferred from the ADC Ouachita River Unit to the ADC Delta Regional Unit, and had been there "for a week."  (ECF No. 6).  To date, Plaintiff has failed to submit either his IFP application or his Show Cause Response.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

2

### III.  ANALYSIS

Plaintiff has failed to comply with three Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of February 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE